IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **OZZIE PICKETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 07-341-WDS |
| | ) |
| **JAY MERCHANT,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

     Plaintiff Ozzie Pickett filed this action in the United States District Court for the Central District of Illinois. *See Pickett v. Merchant*, Case No. 07-cv-1041-HAB (C.D. Ill., filed Feb. 22, 2007). In an order entered March 30, 2007, the Honorable Harold A. Baker revoked Plaintiff's pauper status, directed him to pay the $350 filing fee within 14 days, and also ordered the action transferred to this District. *Id.* at Doc. 13. Instead of paying the filing fee, Plaintiff filed a motion challenging Judge Baker's order (*id.* at Doc. 16). That motion was not resolved before the case was actually transferred to this District on May 1, 2007, so it is currently pending before this Court (Doc. 18). In this motion, Plaintiff vaguely asserts that he is, in fact, in imminent danger of serious physical harm.

     The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat or prison condition. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* A plaintiff has not sufficiently alleged imminent danger

where he states a past injury that has not recurred.  *Id.*  "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to ***prevent impending harms***, not those harms that had already occurred."  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (emphasis added).

None of the allegations in the complaint suggest that Plaintiff was in imminent danger ***at the time he filed this action***.  Therefore, this Court agrees with Judge Baker's finding that Plaintiff is not entitled to proceed *in forma pauperis* in this action.  Accordingly, his instant motion to vacate order (Doc. 18) is **DENIED**, as is his recently filed motion for leave to proceed *in forma pauperis* (Doc. 23).

**IT IS THEREFORE ORDERED** Plaintiff shall pay the full filing fee of $350 for this action within **FOURTEEN (14) DAYS** of the entry of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order in the time allotted, this case will be closed for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED:  June 25, 2007.**

                                                                        **s/ WILLIAM D.  STIEHL**
                                                                        **DISTRICT JUDGE**